Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:   858-652-3101

Attorneys for Defendants ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC and ANHEUSER-BUSCH, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OMAR BENNETT, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH COMMERCIAL STRATEFY, LLC, a Delaware Limited Liability Company; ANHEUSER-BUSCH, LLC, a Missouri Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Declarations of Scott Keller, James Mathis, and Tim L. Johnson]<br><br>Complaint Filed: May 3, 2022<br>Removed: |

Defendants ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC[1] and ANHEUSER-BUSCH, LLC ("Defendants") remove this action to the United States District Court for the Eastern District of California under 28 U.S.C. Section 1332(d) (the Class Action Fairness Act ["CAFA"]) and Section 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

## I.   STATE COURT ACTION

1. Plaintiff filed their Complaint on May 3, 2022, in the Solano County Superior Court ("Action"). The Solano County Superior Court assigned the Action Case No. FCS058207. (Declaration of Tim L. Johnson ["Johnson Decl."], ¶ 2; Ex. 1, Complaint.)

2. Defendants signed the Notice of Acknowledgment and Receipt of Plaintiff's Complaint on June 14, 2022. (Johnson Decl., ¶ 3; Ex. 2, Notice of Acknowledgment.) Defendants then filed their Answer to Plaintiff's Complaint in the Solano County Superior Court on July 12, 2022. (Johnson Decl., ¶ 4; Ex. 3, Answer.)

## II.   REMOVAL IS TIMELY

3. The time to remove under 28 U.S.C. section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the four corners of the Complaint do not provide readily ascertainable grounds for removal. The Complaint does not allege sufficient facts to calculate the amount in controversy with reasonable certainty as to the individually named plaintiff or as to the putative class. Nor does the Complaint allege any claim

---

[1] Plaintiff incorrectly named the Defendant "ANHEUSER-BUSCH COMMERCIAL **STRATEFY**, LLC" (emphasis added)

under federal law. Accordingly, as mentioned, it is not possible to ascertain from the Complaint that this case is removable, and, to date, Defendant has not received any other document which would constitute an "other pleading, motion, order or other paper" providing this missing information. (Johnson Decl. ¶ 6.) Thus, the time to remove this action has not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). As set forth below, Defendant has only recently discovered such evidence after an arduous collection and review of all records of potential class members and a complex analysis of the estimated damages allocated to each cause of action. As such, Defendant is timely removing this case based on that discovery.

4. Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely. Defendant signed a Notice of Acknowledgement on June 14, 2022 (Johnson Decl., Ex. 2) Under 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), the time to remove could not expire, at the earliest, until after July 14, 2022, the first day which is 30 days after signing the Notice of Acknowledgment of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

### III. REMOVAL IS PROPER UNDER CAFA

5. The Complaint asserts the following claim on a class-wide basis: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages upon separation of employment; (7) knowing and intentional failure to comply with itemized wage statement provisions; and (8) violation of the unfair competition law.

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs

is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. Section 1446.

7. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Anheuser-Busch Commercial Strategy, LLC and Anheuser-Busch, LLC; the number of individuals in Plaintiff's proposed classes in the aggregate is over 100; and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. **CAFA's Diversity of Citizenship Requirement Is Satisfied**

8. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) and (b); *Rodgers v. Central Locating Service, Ltd.*, 2006 U.S. Dist. LEXIS 6255, *7-*8.

9. Under 28 U.S.C. Section 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The Supreme Court has held the principal place of business is best read as referring to the place where a company's officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified the principal place of business was the place where a company "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. At all relevant times, Plaintiff has been a resident of California. (Ex. 1, Complaint, ¶¶ 14-15.)

11. Anheuser-Busch Commercial Strategy, LLC ("Commercial Strategy") is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in St. Louis, Missouri. Its executive management has

directed, controlled, and coordinated its activities from there. Commercial Strategy has not organized itself under the laws of California nor had its principal place of business here. (Declaration of James Mathis ["Mathis Decl."], ¶ 2.)

12. Anheuser-Busch, LLC ("Anheuser-Busch") is a limited liability company organized under the laws of the State of Missouri and has its principal place of business in St. Louis Missouri. Its executive management has directed, controlled, and coordinated its activities from there. Anheuser-Busch has not organized itself under the laws of California nor had its principal place of business here. (Mathis Decl., ¶ 3.)

13. Minimal diversity is present here because, at all relevant times, Plaintiff has been a citizen of California and Defendants have not.

**B.  CAFA's Class Size Requirement Is Satisfied**

14. Plaintiff brings the Action pursuant to California Code of Civil Procedure Section 382 on behalf of the following class ("Class"):

> All persons who are or were employed by the Defendants, as hourly paid, non-exempt employees in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter.

(Ex. 1, Complaint, ¶ 47.)

15. While Defendants dispute Plaintiff's allegations, from May 3, 2018, through the date of the Keller Declaration (July 8, 2022), Defendants employed, in the aggregate, at least 3,635 hourly-paid non-exempt employees in the putative class. (Declaration of Scott Keller ["Keller Decl."], ¶ 2.) Thus, CAFA's size requirement is satisfied.

**C.  CAFA's Requisite $5 Million Amount in Controversy Is Satisfied**

16. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

17. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum

exceeds [$5,000,000]." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

18. For purposes of removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); citing, *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012). In determining whether the amount in controversy requirement is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

19. Plaintiff seeks the recovery of unpaid wages (including minimum and overtime wages), statutory penalties, reasonable attorney fees and costs, pre-judgment and post-judgment interest, liquidated damages, statutory penalties, premium wages (plus interest and penalties), waiting time penalties, and itemized wage statement penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint satisfies the $5,000,000 threshold for CAFA removal.[2] *See* 28 U.S.C. § 1332(d).

---

[2] In alleging the amount in controversy for purposes of CAFA, Defendants do not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor do Defendants concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. Defendants also do not concede Plaintiff can bring his claims on class or representative basis.

20. As shown below, the amount in controversy is well above the $5,000,000 jurisdictional minimum.

### 1. **Relevant Data**

21. Plaintiff seeks to certify various classes and subclasses from May 3, 2018 to the present. From May 3, 2018 to the Notice of Removal, Defendants employed, in the aggregate, at least 3,635 hourly-paid non-exempt employees in California. Those employees worked approximately 370,841 workweeks or at least 349,964 pay periods. The average hourly rate during the alleged class period is $25.62. (Keller Decl., ¶ 2.)

22. From May 3, 2019, to the present, at least 1,292 hourly-paid non-exempt employees in California separated from their employment. The average hourly rate during the alleged class period is $25.62. This equals an average daily rate (8 hours) of approximately $204.96. (Keller Decl., ¶ 3.)

23. From May 3, 2021, to the present, at least 1,520 hourly-paid non-exempt employees in California received at least 29,076 wage statements. (Keller Decl., ¶ 4.)

### 2. **Waiting Time Penalties**

24. Plaintiff alleges that "Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code [Section] 203 penalties." (Ex. 1, Complaint, ¶ 104.) Plaintiff further alleges, "Defendants failed to timely pay Plaintiff, and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202." (Ex. 1, Complaint, ¶ 105.) Moreover, "More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received pay pursuant to Labor Code [Section] 203." (Ex. 1, Complaint, ¶ 106.) As a result, "Plaintiff and Waiting Time

Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code [Section] 203." (Ex. 1, Complaint, ¶ 107.)

25. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. *Id.* at 1400.

26. From May 3, 2019, to the present, at least 1,292 hourly-paid non-exempt employees in California separated from their employment. The average hourly rate during the alleged class period is $25.62. This equals an average daily rate (8 hours) of approximately $204.96. (Keller Decl., ¶ 3.)

27. Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties alone is at least **$7,944,249.60** ($25.62 per hour x 8 hours x 30 days x 1,292 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members."). Even if reducing the amount by 33%, the amount in controversy easily exceeds the $5,000,000 threshold.

### 3. Further Data

28. For purposes of this removal, waiting time penalties alone are more than sufficient to support the required $5,000,000 threshold amount in controversy. However, Defendants have provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on alleged wage statement penalties, meal period penalties, rest period penalties, and Plaintiff's

other claims. (Keller Decl., ¶¶ 2-4.) As alleged, the amount in controversy exceeds the requisite threshold.

### 4. Attorney Fees

29. Based on the above, Defendants have demonstrated there is at least **$7,944,249.60** in controversy in waiting time penalties alone.

30. Plaintiff also seeks attorney fees in connection with the above claims. (Ex. 1, Complaint.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5,000,000 CAFA threshold).

31. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,986,062.40** ($7,944,249.60 x 0.25).

32. Therefore, the total amount in controversy based on Plaintiff's allegations is at least $9,930,312 ($1,986,062.40 [attorney fees] + $7,944,249.60 [alleged damages].)

### 5. Summary

33. Based on Plaintiff's allegations, the amount in controversy is at least **$9,930,312** ($7,944,249.60 + $1,986,062.40). Even excluding Plaintiff's other

claims, including wage statement penalties, meal period penalties, rest period penalties, and overtime wages and minimum wages, the Complaint easily satisfies the $5,000,000 threshold.

### IV. VENUE IS PROPER IN THIS COURT

34. Under 28 U.S.C. Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Solano is within the Eastern District of California. 28 U.S.C. § 84(b). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

35. Under 28 U.S.C. Section 1446(a), this Notice of Removal is accompanied by the Declarations of James Mathis, Scott Keller, and Tim L. Johnson, and Exhibits 1 to 3, which constitute a copy of all processes, pleadings, and orders provided to Defendants.

36. As required by 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), Defendants timely filed this Notice of Removal, as they signed the Notice of Acknowledgment and Receipt on June 14, 2022.

37. As required by 28 U.S.C. Section 1446(d), Defendants provided Notice of Removal to Plaintiff through his attorney of record.

38. As required by 28 U.S.C. Section 1446(d), Defendants will file a copy of the original Notice of Removal with the Superior Court of the State of California, for the County of Solano.

39. If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an Order to Show Cause so they can provide additional briefing on the grounds for this removal.

/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the foregoing reasons, Defendants remove the above-entitled action to the United States District Court for the Eastern District of California.

DATED: July 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Tim L. Johnson
Andrew J. Deddeh
Attorneys for Defendants ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC and ANHEUSER-BUSCH, LLC

10     Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
51893135.v3-OGLETREE